[No. 11850.  Department Two.  July 27, 1914.]

DUNCAN FISKE, *Respondent*, v. EDWIN E. ELSTON,
*Appellant.*[1]

APPEAL—REVIEW—HARMLESS ERROR.  Error in refusing to require
an election between inconsistent theories in the complaint is not
prejudicial, where the plaintiffs did in fact proceed upon one theory
only, and the case was tried and evidence introduced upon that
theory, which was well understood by both parties throughout the
trial, and no surprise was claimed.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered September 20, 1913, upon find-
ings in favor of the plaintiff, in an action on contract, tried
to the court.  Affirmed.

*E. L. Skeel* and *W. M. Whitney*, for appellant.

*Tucker & Hyland*, for respondent.

PARKER, J.—This is an action to enforce an oral contract
for the repurchase of certain shares of the capital stock of
the Coast Carton Company, a corporation, which contract
the plaintiff claims was made and entered into between him
and the defendant at the time of the purchase of the stock
by him from the defendant; the plaintiff having tendered re-
turn of the shares to the defendant and demanded the
amount of the repurchase price agreed upon.  Trial before
the court without a jury resulted in findings and judgment ·
in favor of the plaintiff, from which the defendant has ap-
pealed.

The principal question here presented is one of fact; that
is, as to whether or not the contract sued upon was, in fact,
entered into.  A careful review of the evidence brought here
touching this question convinces us that it preponderates in
favor of the plaintiff, and that the learned trial court's find-
ing in his favor upon that question is well supported by the

[1]Reported in 141 Pac. 1138.

evidence.   The testimony of the plaintiff and defendant themselves is in serious conflict, but one other person testified as to the making of the contract here sued upon, whose testimony was, in substance, the same as the plaintiff's version of the transaction.

It is contended by counsel for appellant that the trial court erred in denying their motion calling for an election by counsel for respondent at the beginning of the trial as to the theory upon which they would proceed with the trial; that is, whether respondent's counsel would proceed upon the theory of fraud and rescission of the original contract of purchase of the stock, or upon the theory of contract for the repurchase of the stock.   This motion was based upon the language of the complaint, which does furnish some ground for argument as to its presenting these two somewhat inconsistent theories.   However, while the court did not, at the beginning of the trial, require counsel for respondent to announce the theory upon which they would proceed, they did, nevertheless, proceed upon the theory of contract, and the cause was tried and evidence introduced upon that theory. It seems plain to us that no prejudice resulted to the appellant from the court's ruling upon the question of election. Plainly, the cause was tried upon a theory well understood by counsel for both parties during the whole course of the trial.   No surprise was claimed, and, manifestly, no prejudice resulted to the appellant from the course pursued.   The record before us, we think, renders it quite clear that no error was committed to appellant's prejudice; that he had a fair trial, and that the cause was correctly disposed of.

The judgment is affirmed.

CROW, C. J., MOUNT, MORRIS, and FULLERTON, JJ., concur.